# BakerHostetler

**Baker&Hostetler LLP**

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Matthew C. Berger
direct dial: 212.589.4266
mberger@bakerlaw.com

October 31, 2025

**VIA ECF**

The Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:  *Hesen Jabr v. NYU-Langone Hospital*
     Case No. 1:25-cv-000949-VSB-OTW

Dear Judge Wang:

This firm represents Defendant NYU Langone Hospitals ("Defendant") in the above-captioned action. Pursuant to the Court's September 8 Order (Dkt. 28), the parties write jointly, with individual sections, to provide a discovery status update.

**Plaintiff's Position**

Plaintiff does not believe that the proper forum for setting forth specific details concerning discovery disputes, as opposed to simply providing the Court with an overview of the status of discovery. Notwithstanding Plaintiff's position, as Defendant is insistent on delving into the nature of the parties' disagreement concerning a couple of discovery-related issues, Plaintiff would be remiss in not offering the Court her view regarding them. But, first, Plaintiff would like to apprise the Court of the status of discovery in a manner she believes is more consistent with what was intended for such joint status reports.

The parties have exchanged discovery demands, and, earlier today, Plaintiff produced her responses to Defendant's demands. Plaintiff awaits Defendant's responses to her discovery demands. Upon receipt of such responses, Plaintiff will review them for deficiencies and then communicate with Defendant regarding such deficiencies, if any, in a good faith effort to resolve any dispute over them without the need for judicial intervention. Upon resolution of any such issues, Plaintiff will conduct the deposition of the Defendant and non-parties with relevant knowledge. Plaintiff has already reached out to Defendant concerning the scheduling of the party depositions, as she is aware that such scheduling needs to be done well in advance given the practical realities of finding mutual availability amongst parties. Defendant responded to Plaintiff's inquiry by stating that it foresees deposition commencing in December or January.

Hon. Ona T. Wang
October 31, 2025
Page | 2

Concerning the dispute Defendant raises, infra, it stems from the fact that the Court ordered the parties to produce discovery responses by October 20, 2025, and neither party has met that deadline. Instead of seeking to produce responses as close to the deadline as possible, as Plaintiff did by producing discovery responses today, Defendant initially chose to ignore that deadline altogether and claimed unjustified entitlement to an additional three (3) weeks to produce its responses, playing a game of tit for tat based on its incorrect view of when Plaintiff's responses were due (despite the clear court-ordered deadline). Seeking to compromise and avoid unnecessary judicial intervention, Plaintiff agreed to a new deadline of November 10th, which would apply only to Defendant's responses, as Plaintiff planned to serve her responses by today and has done so. Despite this agreement, Defendant is still hedging, stating that it "may need an additional 1-2 weeks" to produce its responses. Given the tight discovery deadlines in this matter, Plaintiff finds that unacceptable and anticipates having to request judicial intervention if, in fact, Defendant fails to honor the parties' agreement that it produced said responses by the previously agreed upon date of November 10th.

**Defendant's Position**

Defendant served its initial discovery requests on Plaintiff Hesen Jabr ("Plaintiff") at the September 4 Initial Conference, and it is Defendant's position that, pursuant to the time limits set forth in the Federal Rules of Civil Procedure, Plaintiff's responses were due on October 4. In the parties' September 26 joint status letter to the Court, counsel for Plaintiff also agreed that this was Plaintiff's response deadline. (Dkt. 29.) Now, however, Plaintiff has changed course and taken the position that her responses were not due until October 20, which was the discovery response date included in the parties' Proposed Case Management Order. Defendant disagrees with Plaintiff's position, as the Proposed Case Management Order contemplated an October 20 discovery response deadline if requests were served by September 18—neither the parties nor the Court discussed giving Plaintiff nearly two months to respond to Defendant's discovery requests. Further, even if Plaintiff's response deadline was October 20, Plaintiff did not serve her responses by that date. Nevertheless, the parties conferred and, to avoid involving the Court in this dispute, Defendant agreed to extend Plaintiff's response deadline to October 31. Plaintiff served her discovery responses this afternoon and Defendant will review them for deficiencies and then communicate with Plaintiff regarding such deficiencies, if any, in a good faith effort to resolve any disputes without the need for judicial intervention.

Plaintiff served Defendant with her initial discovery requests on September 23. Because Plaintiff received additional time to respond to Defendant's requests, Defendant requested from Plaintiff a reciprocal extension of its discovery response deadline. Plaintiff refused to provide a reciprocal extension and is insisting that Defendant serve its responses by November 10. To avoid involving the Court in this dispute, Defendant has advised Plaintiff that it will serve its responses to Plaintiff's Interrogatories and Requests for Admission by November 10 and will endeavor to serve its responses to Plaintiff's Request for Documents by the same date; however, Defendant may need an additional 1-2 weeks to prepare its responses to Plaintiff's Request for Documents and will keep Plaintiff informed of its anticipated response date.

Once written discovery is complete, the parties will work on scheduling depositions.

Hon. Ona T. Wang
October 31, 2025
Page | 3

Respectfully submitted,

| **MUSA-OBREGON LAW PC** | **BAKER & HOSTETLER LLP** |
|---|---|
| */s/ Karl J. Ashanti* | */s/ Matthew C. Berger* |
| Karl J. Ashanti | Amy J. Traub |
| Sami El Cherif | Matthew C. Berger |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |